# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

MARY L. CLAUSSEN,

    Plaintiff,

vs.

JOANNE B. BARNHART, Commissioner of Social Security,

    Defendant.

No. C05-4083-MWB

**MEMORANDUM OPINION AND ORDER REGARDING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND PLAINTIFF'S OBJECTION TO REPORT AND RECOMMENDATION**

_____

**TABLE OF CONTENTS**

*I. INTRODUCTION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
    *A. Synopsis* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
    *B. Standards Of Review* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*II. BACKGROUND* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
    *A. The Record* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
    *B. The ALJ's Decision* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
    *C. Judge Zoss's Report And Recommendation* . . . . . . . . . . . . . . . . 7
    *D. Claussen's Objection* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*III. LEGAL ANALYSIS* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*IV. CONCLUSION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

## I. INTRODUCTION

### A. *Synopsis*

Plaintiff Mary L. Claussen ("Claussen") seeks judicial review of the final decision of the Commissioner of Social Security denying her application for Title II disability insurance ("DI") benefits which Claussen sought on the basis of leg and back pain. The Commissioner's decision was based on the decision of an administrative law judge (ALJ) denying Claussen's claim for benefits, which was affirmed at each subsequent stage of the administrative proceedings and, thus, became the decision of the Commissioner of Social Security, prompting Claussen to file the present action for judicial review. This matter comes before the court pursuant to United States Magistrate Judge Paul A. Zoss's Report and Recommendation. *See Claussen v. Barnhart*, C05-4083-MWB, 2006 WL 517641, *1 (N.D. Iowa March 2, 2006). Judge Zoss recommended that the Commissioner's denial of benefits be affirmed. Claussen filed an objection to the Report and Recommendation. (Doc. 10). The court finds this matter is now fully submitted and ready for consideration.

### B. *Standards Of Review*

The standard of review to be applied by the district court to a report and recommendation of a magistrate judge is established by statute:

> A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the

> court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge].

28 U.S.C. § 636(b)(1). The Eighth Circuit Court of Appeals has repeatedly held that it is reversible error for the district court to fail to conduct a *de novo* review of a magistrate judge's report where such review is required. *See e.g., Hosna v. Groose*, 80 F.3d 298, 306 (8th Cir. 1996) (citing 28 U.S.C. § 636(b)(1)); *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (citing *Belk v. Purkett*, 15 F.3d 803, 815 (8th Cir. 1994)). Claussen has filed a timely objection in this case. Therefore, *de novo* review of "those portions of the report or specified proposed findings or recommendations to which objection is made" is required here. *See* 28 U.S.C. § 636(b)(1).

In this case, the court's *de novo* review requires application of the standard of judicial review for cases involving the denial of social security benefits. Such review is based on 42 U.S.C. § 405(g), which provides that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." This court's role on review is to determine whether the Commissioner's findings are supported by substantial evidence in the record as a whole. *See Krogmeier v. Barnhart*, 294 F.3d 1019, 1022 (8th Cir. 2002). This standard of review was explained by the Eighth Circuit Court of Appeals as follows:

> Our standard of review is narrow. "We will affirm the ALJ's findings if supported by substantial evidence on the record as a whole." *Beckley v. Apfel*, 152 F.3d 1056, 1059 (8th Cir. 1998). "Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support a decision." *Id*. If, after reviewing the record, the Court finds that it is possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's findings, the court must affirm the Commissioner's decision.

3

*See Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

The Eighth Circuit Court of Appeals also has explained, "In reviewing administrative decisions, it is the duty of the Court to evaluate all of the evidence in the record, taking into account whatever in the record fairly detracts from the ALJ's decision." *Hutsell v. Massanari*, 259 F.3d 707, 714 (8th Cir. 2001) (quoting *Easter v. Bowen*, 867 F.2d 1128, 1131 (8th Cir. 1989)); *accord Baldwin v. Barnhart*, 349 F.3d 549, 555 (8th Cir. 2003) (the court must "search the record for evidence contradicting the [Commissioner's] decision and give that evidence appropriate weight when determining whether the overall evidence in support is substantial"); *Howard v. Massanari*, 255 F.3d 577, 581 (8th Cir. 2001) ("In assessing the substantiality of the evidence, we must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it."). In reviewing the record for substantial evidence, the court may not make its own findings of fact by re-weighing the evidence and substituting its own judgment for that of the Commissioner. *Benskin v. Bowen*, 830 F.2d 878, 882 (8th Cir. 1987). Weighing the evidence is a function of the ALJ, who is the "statutory" fact-finder. *Baldwin v. Barnhart*, 349 F.3d 549, 555 (8th Cir. 2003). Instead, the court must simply determine whether the quantity and quality of evidence is enough so that a reasonable mind might find it adequate to support the ALJ's conclusion. *Krogmeier*, 294 F.3d at 1022; *accord Jones v. Barnhart*, 335 F.3d 697, 698 (8th. Cir. 2003). In addition, the court must also review the Commissioner's decision and decide whether the Commissioner considered and applied the proper legal standard. *Olson v. Apfel*, 170 F.3d 820, 822 (8th Cir. 1999); *Boock v. Shalala*, 48 F.3d 348, 351 n. 2 (8th Cir. 1995).

## II. BACKGROUND

### A. *The Record*

Claussen held various jobs between 1985 and 1998. Claussen worked as a cook from 1985 to 1987. (R. at 69,90-91,196-197.) Claussen then worked as a parts expediter at a local telephone company. (R. at 70-73,90,92, 196-197.) Claussen was unemployed during 1997. (R. at 73,90.) Claussen was then briefly employed as a line worker at several meat packing plants, packing meat into boxes. (R. 74,90,94,196.) Claussen ended the meat packing jobs because she was unable to endure the back and leg pain. (R. at 200.) Claussen has been unemployed since 1998. (R. at 74,90.)

Claussen filed a prior application for benefits that was denied, and she failed to appeal the denial. *Claussen*, No. C 05-4083-MWB, 2006 WL 1517641 at *10. Claussen filed an application for disability benefits with an amended alleged onset date of October 29, 2002, the date that Claussen again became eligible for benefits subsequent to the previous denial. ( R. at 200-201.) Claussen continued treatment from her primary treating physician, Dr. Sinnott, before and after the amended onset date October 29, 2002, though Claussen did not receive any treatment, medical diagnoses or medical opinion during the period between the amended onset date of October 29, 2002 and the expiration date of eligibility of December 31, 2002 (R. at 201-202.) However, Claussen began complaining of hip and back pain after a fall in 1995. Claussen was diagnosed with degenerative disc disease of the lumbar spine with sciatic type pain before her amended onset date. (R. at 124-27, 149, 174, 176-178.) Claussen underwent numerous MRI tests between 1997 and 2004, which showed very little changes in the thoracic spine. (R. at 9, 124-127, 142, 185-190.) The record does not reveal any evidence of medical treatment that would support a claim of disability between the amended alleged onset date and the expiration of

5

eligibility, which for reasons explained below was December 31, 2002. *Claussen*, No. C 05-4083-MWB, 2006 WL 1517641 at *4.

### *B. The ALJ's Decision*

The ALJ found Claussen was insured through December 31, 2002. The ALJ found Claussen last worked in 1998, and had not engaged in substantial gainful activity since her alleged disability onset date of October 29, 2002. (R. 21, 24). The ALJ found Claussen "has impairments of sacroiliac arthropathy and degenerative disc disease of the lumbar spine," but he further concluded her impairments, though severe, did not satisfy the regulatory requirements for disability. (R. 21.)

The ALJ concurred with the determinations of the State Agency medical consultants that Claussen is capable of performing her past work. (R. 23.) He found "very few objective findings" in the record to support Claussen's complaints of persistent pain, and he therefore concluded Claussen's subjective complaints were not completely credible. (R. 23.)

The ALJ assessed Claussen's residual functional capacity as follows: ability to lift twenty pounds occasionally and ten pounds frequently; stand and sit for up to six hours in an eight-hour workday; and occasionally balance, stoop, crouch, kneel, crawl, and climb; with a limitation on exposure to hazards in the workplace. He further found Claussen is able to do complex, technical work.( R. at 23.) Based on this assessment of Claussen's residual functional capacity, and the VE's testimony, the ALJ concluded Claussen could return to her past relevant work, and therefore, she was not disabled. (R. 23-24)

### *C. Judge Zoss's Report And Recommendation*

Judge Zoss's Report and Recommendation first addressed Claussen's eligibility as follows:

> The Commissioner first notes Claussen must prove she was disabled between her amended alleged disability onset date of October 29, 2002, and the date her insured status expired on December 31, 2002. ( *See* Doc. No. 7, p. 8; R. 21) The Commissioner argues the ALJ's treatment of Dr. Sinnott's opinion was appropriate because the doctor's records do not indicate he saw Claussen for her back problems during the relevant period. The Commissioner is correct. The record contains no treatment history for Claussen's back problems for the period from October 29, 2002, to December 31, 2002 (the "relevant period"). Claussen must establish that she became disabled prior to the time her insured status expired. *See* 20 C.F.R. §§ 404.130, 404.131. "When an individual is no longer insured for Title II disability purposes, we will only consider an individual's medical condition as of the date she was last insured." *Long v. Chater,* 108 F.3d 185, 187 (8th Cir. 1997) (citing *Bastian v. Schweiker,* 712 F.2d 1278, 1280 (8th Cir. 1983)). The fact that Claussen's condition may have become disabling after her date last insured does not provide a sufficient basis for an award of benefits under Title II. *Cf. Dunlap v. Harris,* 649 F.2d 637, 639 (8th Cir. 1981) ("A nondisabling condition at age 22 which later develops into a disability is not sufficient as a basis for child's disability insurance benefits.") (citing *Reading v. Mathews,* 542 F.2d 993 (7th Cir. 1976)). Claussen filed a prior application for benefits that was denied, and she failed to appeal the denial. As a result, the decision that she was not disabled for Title II purposes at any time through October 28, 2002, became binding. *See* 20 C.F.R. § 04.955

*Claussen*, No. C 05-4083-MWB, 2006 WL 1517641 at *10

As to Claussen's evidence of disability during the relevant time period, Judge Zoss found:

> This leaves only Claussen's testimony, taken nearly two years after the expiration of her insured status, that during the relevant period, she was unable to work. To determine whether Claussen's testimony was credible on this point, the ALJ looked to the objective medical records after the relevant period. It is reasonable to conclude that if the medical records indicated Claussen was disabled immediately after the relevant period ended, it would lend credence to her testimony that she was disabled during the relevant period. However, the record evidence does not suggest Claussen became totally unable to work until many months following the expiration of her insured status. . . The record suggests (although the court does not so find) that Claussen's condition may have degenerated to the point of disability following her date last insured for Title II disability purposes. For purposes of the present appeal, however, the court finds the record contains substantial evidence to support a decision that Claussen failed to show she was disabled during the relevant period, and she therefore does not qualify for Title II benefits.

*Id*. at *11.

### D. *Claussen's Objection*

In her objection to Judge Zoss's Report and Recommendation, Claussen first states that Judge Zoss has placed an artificial limit on the medical evidence, by limiting such evidence to the two month "relevant period." (Doc. 10). Claussen maintains that she was required to prove that she was disabled on October 29, 2002, and thereafter up to the date of hearing and continuing to the present. (Doc. 10).

Next, Claussen states that the treating physician, Dr. Sinnott, is exceptionally qualified due to Sinnott being Claussen's personal physician with knowledge of her

impairments. Further, Claussen claims that Dr. Sinnott is able to provide a medical expert opinion regarding her symptoms and limitations from those impairments and that his opinions should be weighed heavily.

Claussen states that substantial evidence does not support the decision of the ALJ to disregard the expert medical opinions of Dr. Sinnott, the treating physician. She asserts that this error, along with other "legal errors" demonstrate that the ALJ's decision must be reversed. Therefore, Claussen asks that the court enter judgment in her favor directing payment of benefits. (Doc. 10).

### III. LEGAL ANALYSIS

As explained in more detail above, this court's role on judicial review is to determine whether the Commissioner's findings are supported by substantial evidence in the record as a whole. *See Krogmeier v. Barnhart*, 294 F.3d 1019, 1022 (8th Cir. 2002). The court must "search the record for evidence contradicting the [Commissioner's] decision and give that evidence appropriate weight when determining whether the overall evidence in support is substantial." *Baldwin v. Barnhart*, 349 F.3d 549, 555 (8th Cir. 2003). As Judge Zoss explained:

> Section 423(d) of the Social Security Act defines a disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months."42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505. A claimant has a disability when the claimant is "not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists ⋯ in significant numbers either in

9

the region where such individual lives or in several regions of the country." 42 U.S.C. § 432(d)(2)(A). To determine whether a claimant has a disability within the meaning of the Social Security Act, the Commissioner follows a five-step sequential evaluation process outlined in the regulations. 20 C.F.R. §§ 404.1520 & 416.920; *Goff v. Barnhart*, 421 F.3d 785 (8th Cir. 2005); *Dixon v. Barnhart*, 353 F.3d 602, 605 (8th Cir. 2003); *Kelley v. Callahan*, 133 F.3d 583, 587-88 (8thCir. 1998) (citing *Ingram v. Chater*, 107 F.3d 598, 600 (8th Cir. 1997).

*Claussen*, No. C 05-4083-MWB, 2006 WL 1517641 at *7.

The record reveals no supporting evidence of a disability between October 29, 2002, and December 31, 2002. October 29, 2002, was Claussen's amended alleged onset date. Claussen had not been employed since 1998. There exists no treatment history between the above alleged onset date and the expiration of eligibility. Judge Zoss opined:

> Claussen filed a prior application for benefits that was denied, and she failed to appeal the denial. As a result, the decision that she was not disabled for Title II purposes at any time through October 28, 2002, became binding. *See* 20 C.F.R. § 404.955. Therefore, she must prove she was disabled between October 29, 2002, and her date last insured of December 31, 2002. The record contains no medical evidence that Claussen's back condition was disabling during the relevant period. This leaves only Claussen's testimony, taken nearly two years after the expiration of her insured status, that during the relevant period, she was unable to work. To determine whether Claussen's testimony was credible on this point, the ALJ looked to the objective medical records after the relevant period. It is reasonable to conclude that if the medical records indicated Claussen was disabled immediately after the relevant period ended, it would lend credence to her testimony that she was disabled during the relevant period. However, the record evidence does not suggest Claussen became totally

> unable to work until many months following the expiration of her insured status. When Claussen was examined by Dr. Mason at the request of DDS, the doctor's examination revealed that Claussen had some limited motion of her lumbar spine, legs, and hips, but there is nothing in Dr. Mason's report other than Claussen's subjective complaints to indicate Claussen suffered from disabling pain or limitations. ( *See* R. 147-52). Claussen did not seek other medical treatment for back pain until October 2003…Claussen's situation is regrettable.

*Claussen*, No. C 05-4083-MWB, 2006 WL 1517641 at *11.

Claussen argues in her objection that Judge Zoss created an artificial limit of a two month period regarding the medical evidence. In fact, the court notes that Judge Zoss did *not* limit the relevant evidence to evidence of medical treatment during the relevant period. Instead, he looked for supporting evidence of disability after the amended onset date and until Claussen's eligiblity terminated including evidence of medical treatment immediately after the end of Claussen's eligibility period from which he could infer that she had been disabled during the eligibility period, but found no such evidence. Thus, by finding that there is no evidence of disability during the relevant, eligible period, and finding that Claussen is foreclosed from utilizing evidence from a prior disability claim, which was rejected, Judge Zoss concluded that there was no substantial evidence to support Claussen's claim of disability. Furthermore, on *de novo* review, *see, e.g., Hosna v. Groose*, 80 F.3d 298, 306 (8th Cir. 1996) (citing 28 U.S.C. § 636(b)(1)), *cert. denied*, 519 U.S. 860 (1996); *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (citing *Belk v. Purkett*, 15 F.3d 803, 815 (8th Cir. 1994)); *Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995) (also citing *Belk*) this court agrees with Judge Zoss that there is no sufficient evidence, either from Claussen's eligibility period or from immediately before or immediately following her eligibility period, from which it is possible to infer that

11

Claussen was disabled during the eligibility period. Claussen did not seek medical attention until October 2003, long after her date of final eligibility; December 31, 2002. "When an individual is no longer insured for Title II disability purposes, we will only consider an individual's medical condition as of the date she was last insured." *Long v. Chater,* 108 F.3d 185, 187 (8th Cir. 1997) (citing *Bastian v. Schweiker,* 712 F.2d 1278, 1280 (8th Cir. 1983). This court concludes that there is substantial evidence to support the Commissioner's decision. Although, the court must "search the record for evidence contradicting the [Commissioner's] decision and give that evidence appropriate weight when determining whether the overall evidence in support is substantial," *Baldwin v. Barnhart,* 349 F.3d 549, 555 (8th Cir. 2003), having performed such a search, the court finds no evidence in this case to contradict the Commissioner's decision. Under these circumstances, upon *de novo* review, this court agrees with Judge Zoss that the Commissioner's decision should be affirmed.

## IV. CONCLUSION

Upon *de novo* determination of those portions of the Report and Recommendation to which objection has been made, the court concludes that Judge Zoss is correct in the analysis of the relevant period of eligibility and that there is substantial evidence to support the Commissioner's decision that Claussen was not disabled during that period. Claussen's objection is **overruled** and the Report and Recommendation is **accepted**, § 28 U.S.C. 636(b)(1) ("A judge of the court may accept, reject, or modify, in whole or in part, the

findings or recommendations made by the magistrate judge.") The Commissioner's decision is **affirmed.**

      **IT IS SO ORDERED.**

      **DATED** this 16th day of August, 2006.

_/s/ Mark W. Bennett_
MARK W. BENNETT
CHIEF JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA
